## Fayette County Housing Authority v. Housing and Redevelopment Insurance Exchange

C.P. of Fayette County, no. 2440 of 1997, G.D.

*John M. Purcell,* for plaintiff.

*John D. Scozio* and *Mark T. Coulter,* for defendants.

SOLOMON, *J.,* April 7, 1999—Before the court are cross-motions for summary judgment filed on behalf of the plaintiff, Fayette County Housing Authority, and the co-defendant, the Housing and Redevelopment Insurance Exchange. Both parties seek a judicial determination of whether HARIE is obligated to defend and indemnify the FCHA in a lead-based paint contamination lawsuit initiated by the co-defendants, Katherine Umbel and her minor son, Corey Brown. HARIE contends that there is no issue of material fact and that as a matter of law it has no duty to defend or indemnify the FCHA. The FCHA contends that, as a matter of law, HARIE does have a duty to defend and indemnify the FCHA.

## STATEMENT OF THE CASE

In 1995, Umbel and Brown resided in an apartment which was subsidized by a section 8 rental subsidy that was administered by the FCHA. The FCHA was insured through a commercial general liability policy issued by HARIE. Central to the dispute in this case is a pollution exclusion provision within the policy. This provision indicates that the policy does not cover injury resulting from

"[T]he actual, alleged or threatened discharge, disposal, seepage, migration, release or escape of pollutants . . . . Pollutants mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed."

HARIE takes the position that this provision releases it of the responsibility to defend and indemnify the FCHA

in the underlying suit. According to HARIE, lead-based paint claims are precluded from coverage by the pollution exclusion. The FCHA believes that the language of the provision is ambiguous with respect to lead-based paint and therefore must be construed against the insurer and in its favor.

## DISCUSSION

In deciding any motion for summary judgment, we must view the record in the light most favorable to the non-moving party, resolving all doubts against the moving party, and determine whether the moving party has clearly established that there exists no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Skipworth v. Lead Industries Association Inc.,* 547 Pa. 224, 230, 690 A.2d 169, 171 (1997). The non-moving party "must adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof such that a jury could return a verdict in his favor. Failure to adduce this evidence establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Ertel v. Patriot-News Co.,* 544 Pa. 93, 101-102, 674 A.2d 1038, 1042 (1996). Moreover, given that an order favorable to the moving party will end an action, summary judgment is only appropriate in the clearest of cases. *Skipworth, supra,* 547 Pa. at 230, 690 A.2d at 171.

With respect to the interpretation of the instant pollution exclusion provision, we keep in mind that exclusionary language must be construed strictly against the insurer and in favor of a defense and potential indemnity for its insured. *Standard Venetian Blind Co. v. American*

*Empire Insurance Co.,* 503 Pa. 300, 305, 469 A.2d 563, 566 (1983). HARIE must establish that the exclusion is unambiguous in its application to the specific facts of this case in order to escape its obligation to defend and indemnify its insured. *Id.*

If exclusionary language is reasonably capable of more than one interpretation, is it considered ambiguous. *D'Allessandro v. Durham Life Insurance Company,* 503 Pa. 33, 37, 467 A.2d 1303, 1305 (1983). The language is "reasonably susceptible to more than one interpretation" where more precise language was available but not utilized. *McMillan v. State Mutual Life Assurance Company,* 922 F.2d 1073, 1076-77 (3d Cir. 1990) ("An insurer's failure to utilize more distinct language which is available reinforces a conclusion of ambiguity under Pennsylvania law."). A provision of a policy is ambiguous under Pennsylvania law if reasonable, intelligent people, viewing the contract as whole, could disagree as to its meaning and more precise language could have eliminated the ambiguity. *Travelers Indemnity v. Fantozzi,* 825 F. Supp. 80, 84 (E.D. Pa. 1993).

Instantly, we find that the exclusionary provision in question is ambiguous regarding coverage for lead-based paint injury. Reasonable minds surely could differ over whether lead-based paint is a pollutant under the language of HARIE's pollution exclusion provision. While the dangers of lead and lead-based products may be well-known, we hardly think it unreasonable that someone reading the exclusion in the context of the entire policy would not believe that it applied to paint chips. This ambiguity could have been readily cured by language indicating that lead-based paint was in fact regarded as a

pollutant, and it was HARIE that failed to utilize more distinct language.

Furthermore, as the defendant HARIE correctly notes, Pennsylvania appellate courts have not addressed the question of whether an absolute pollution exclusion provision applies to lead-based paint. The case law actually cited by the parties is conflicting, many of the cases are federal or from other states, and few of the cases even deal directly with lead-based paint injury claims. Although different interpretations of a pollution exclusion provision by various courts may not alone signal ambiguity within the provision, *Lower Paxon Township v. United States Fidelity and Guaranty Co.,* 383 Pa. Super. 558, 573, 557 A.2d 393, 400 (1989), such diversity of views does strengthen this court's conclusion that the issue is not well-settled under the law. Thus, we believe that granting summary judgment on behalf of HARIE is not appropriate, since the ambiguous provision triggers their duty to defend and indemnify and thereby denies them the right to judgment as a matter of law. This same duty to defend and indemnify consequently entitles the FCHA to summary judgment on its behalf as a matter of law.

Wherefore, we will enter the following order.

## ORDER

And now, April 7, 1999, it is hereby ordered and decreed that the motion for summary judgment of HARIE is denied, and that the motion for summary judgment of FCHA is granted.